UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFERSON PILOT FINANCIAL
INSURANCE COMPANY

    Plaintiff,

v.                                        Case No.  8:06-cv-01214-SCB-MAP

SYBIL MALDONADO,
VIRGINIA WALLER, and
SHERRY WALLER MANESS,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant Sybil Maldonado's Motion for Judgment on the Pleadings against Defendants Virginia Waller and Sherry Waller Maness. (Doc. No. 9.)  The Court also considers Defendants Waller's and Maness's Motion for Judgment on the Pleadings against Defendant Maldonado.  (Doc. No. 11.)

**I.**    **Background**

Plaintiff Jefferson Pilot Financial Insurance Company initiated this lawsuit by filing a Complaint for Interpleader against Defendants, pursuant to Federal Rule of Civil Procedure 22. (Doc. No. 1.)  Plaintiff alleges that it issued a group life insurance policy, governed by the Employee Retirement Income Security Act of 1974, 28 U.S.C. § 1001, et seq. ("ERISA"), to Charles W. Waller, who is now deceased.  Plaintiff alleges that, during the administration of the deceased's estate, a dispute arose among Defendants regarding payment of the life insurance benefits, specifically regarding the validity of certain beneficiary designation forms.  Plaintiff

states that it is a mere stakeholder, claims no beneficial interest in the insurance proceeds, and requests that Defendants litigate all claims among themselves for the subject insurance proceeds.[1]

Defendant Maldonado is allegedly the deceased's former coworker and friend, and she is proceeding pro se.  In response to Plaintiff's Complaint for Interpleader, Defendant Maldonado filed a pleading entitled "Answer to Complaint for Interpleader and Cross-Complaint for Declaratory Judgment and Motion for Judgment on the Pleadings." (Doc. Nos. 8, 9.) Apparently–although it is far from clear–Defendant Maldonado alleges that Plaintiff has improperly refused to pay her the proceeds of the deceased's life insurance policy to which she is entitled.  She further alleges that Defendant Waller frustrated the settlement of the estate and delayed payment of the proceeds, when she entered a false social security number on the death certificate.

Defendants Waller and Maness are allegedly the deceased's mother and sister, respectively, and they are also proceeding pro se.  They did not respond directly to Defendant Maldonado's cross-complaint or motion for judgment on the pleadings.  Rather, they filed their own pleading entitled "Answer to Complaint for Interpleader and Cross-Complaint for Declaratory Judgment and Motion for Judgment on the Pleadings."  (Doc. No. 10, 11.)  This pleading was equally disjointed and confusing.  Defendants Waller and Maness essentially allege that Defendant Maldonado forged the deceased's signature on a form, thereby designating herself as the beneficiary of his life insurance policy.  Defendant Maldonado has not filed a

---

[1] In its Complaint for Interpleader, Plaintiff further requests permission to deposit the total proceed amount of $20,000.00, plus applicable interest, into the Court Registry pursuant to 28 U.S.C. § 1335(a).  Plaintiff has not filed a motion requesting such relief from the Court.

responsive pleading.

**II.     Discussion**

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). The Court accepts the facts as set forth in the pleadings as true and views them in the light most favorable to the nonmoving party. *Id.*

The Court hereby denies both pending motions for judgment on the pleadings. At this early stage of the litigation, there is nothing on the face of the pleadings that would allow the Court to conclude that any party is entitled to judgment in their favor. Several material facts are still in dispute regarding the designation of the deceased's beneficiary, the completion of the death certificate, and the proper administration of the insurance proceeds.

Furthermore, the Court notes that, even though Defendants are proceeding pro se, they are obligated to follow the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida when litigating before this Court. The Court construes Defendants' pleadings as asserting cross-claims against each other. Therefore, the Court directs Defendants to file a response to the cross-claims asserted against them by October 20, 2006, in accordance with Federal Rule of Civil Procedure 7(a). The Court further directs the parties to conduct a joint case management meeting and to file a joint Case Management Report by October 31, 2006, in accordance with Local Rule 3.05.

**III.    Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)     Defendant Maldonado's Motion for Judgment on the Pleadings, as well as Defendants Waller's and Maness's Motion for Judgment on the Pleadings (Doc. Nos. 8-11) are **DENIED**;

(2)     Defendants are directed to file a response to the cross-claims asserted against them by October 20, 2006; and,

(3)     The parties are directed to file a joint Case Management Report by October 31, 2006.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of October, 2006.

Copies to:
Counsel of Record
Pro Se Defendants

SUSAN C. BUCKLEW
United States District Judge